# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| FAIR WIND SAILING INC., ) | |
| ) | **CIVIL NO. 55/2011** |
| Plaintiff, ) | |
| ) | ACTION FOR TORTIOUS |
| ) | INTERFERENCE, |
| ) | LANHAM ACT VIOLATIONS, |
| H. SCOTT DEMPSTER, Individually and Doing ) | UNJUST ENRICHMENT AND |
| Business as VIRGIN ISLAND SAILING SCHOOL ) | <u>INJUNCTIVE RELIEF</u> |
| and VIRGIN ISLAND SAILING SCHOOL, ) | |
| ) | <u>JURY TRIAL DEMANDED</u> |
| Defendants. ) | |
| ) | |

## <u>DEFENDANTS' MOTION FOR PREVAILING PARTY ATTORNEYS'</u>
## <u>FEES AND INCORPORATED MEMORANDUM OF LAW</u>

**COMES NOW**, Defendant H. Scott Dempster individually and Defendant "Virgin Island Sailing School" a d/b/a for Go Dog Go, Inc., ("VISS"), by and through undersigned counsel, and pursuant to Section 1117(a) of Title 15 of the United States Code[1] and Section 541 of Title 5 of the Virgin Islands Code,[2] hereby move the Court for an award of prevailing attorneys' fees against Plaintiff, Fair Wind Sailing School, Inc., and, in support hereof, state as follows.

### I.    <u>INTRODUCTION & BACKGROUND FACTS</u>

#### A.    <u>Defendants are the Prevailing Parties on All Counts of Plaintiff's Complaint</u>

Defendants have prevailed on each and every claim asserted by Plaintiff in the above-captioned case and, as such, are entitled to the attorneys' fees incurred in the course of their successful defense. In May of 2011, Plaintiff filed a Complaint asserting the following three

---

[1] The portion of Title 15 of the United States Code dealing with trademark and trade dress infringement is commonly referred to as the Lanham Act.

[2] Defendants reserve their right to recover all prevailing party attorneys' fees under either the Lanham Act and/or 5 V.I.C. § 541 to the extent that the Court finds the attorneys' fees incurred by Defendants in this matter with respect to the various causes of action are inextricably intertwined.

16,820

Case: 3:11-cv-00055-CVG-RM Document #: 82 Filed: 07/09/13 Page 2 of 16

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Motion for Prevailing Party Attorneys' Fees and Incorporated Memorandum of Law
Page 2 of 16

causes of action against Defendants: 1) a claim for Trade Dress Infringement under the Lanham Act (Count I); 2) Tortious Interference with Contract (Count II); and 3) Unjust Enrichment (Count III). On July 27, 2012, Defendants filed a Partial Motion to Dismiss Counts I and III of the Complaint. On March 5, 2013, the Court granted Defendants' Motion to Dismiss those Counts [DE #71] finding that Fair Wind: 1) did not sufficiently identify the alleged trade dress it sought to protect; 2) failed to allege that its trade dress was non-functional; and 3) failed to allege that the trade dress at issue was inherently distinctive or had acquired secondary meaning. *See* Order granting Partial Motion to Dismiss, p. 16. The Court declined to discuss the third element of trade dress infringement, likelihood of confusion, as the deficiencies enumerated *supra* already doomed Fair Wind's trade dress infringement claim. *See id.* The Court also gave Fair Wind until March 25, 2013, to amend its Complaint to re-state claims for trade dress infringement and unjust enrichment (*id.* p. 19), but it did not do so. On June 25, 2013, pursuant to Federal Rule of Civil Procedure 41, the parties filed a Joint Stipulation of Dismissal of Count II, with prejudice. [DE #81]. The Clerk of Court closed the case the same day.

> **B. Defendants are Entitled to Recover the Attorneys' Fees Expended in Defending Against Plaintiff's Claim for Trade Dress Infringement Under the Lanham Act**

Defendants are entitled to prevailing party attorneys' fees under Section 1117(a) of Title 15 of the United States Code for their successful defense against Plaintiff's claim for trade dress infringement, as this case is an "exceptional" case within the meaning of the Lanham Act for which attorneys' fees are properly awarded. Notably, Fair Wind has been involved in Lanham Act litigation before. A copy of Fair Wind's Complaint against Solstice Sailing, LCC, alleging, *inter alia*, trademark infringement, is attached as **Exhibit 1** ("Solstice Suit"). In the instant case, unlike in the Solstice Suit, Fair Wind did not contact Defendants regarding their alleged

Case: 3:11-cv-00055-CVG-RM Document #: 82 Filed: 07/09/13 Page 3 of 16

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Motion for Prevailing Party Attorneys' Fees and Incorporated Memorandum of Law
Page 3 of 16

infringement on Fair Wind's alleged trade dress, or request that Defendants stop using Fair Wind's alleged trade dress prior to filing suit. *Contra,* Solstice Complaint at ¶ 13. Instead, Fair Wind chose to initiate a federal lawsuit without so much as a prior word to Defendants about the alleged trade dress infringement. Importantly, that choice neatly illustrates Fair Wind's real motive for bringing the instant lawsuit which was to stifle competition and attempt to put its perceived competitor, VISS, out of business. In fact, Fair Wind makes a habit of suing competing sailing schools. *See* Fair Wind's Complaint against Timothy McKenna re: Erie Islands Sailing School, LLC, a copy of which is attached as **Exhibit 2** and Fair Wind's Arbitration Complaint against Larry Bouffard re: Beaches Boats and Barstools, a copy of which is attached as **Exhibit 3**.

Notably, throughout the duration of this case, and despite its inability to even plead, let alone prove, claims for trade dress infringement and unjust enrichment, Fair Wind has multiplied the proceedings with groundless filings such as a Motion to Strike an alleged "unauthorized sur-reply" which was plainly not a sur-reply [DE #30], a Motion to Sanction Defendants for an alleged failure to mediate in good faith which was factually meritless [DE #60], and a Motion for Extension of Time to decide whether it would amend its Complaint [DE #73] which Fair Wind subsequently withdrew after Defendants had responded, all of which required Defendants to expend additional attorneys' fees unnecessarily. Of course, all attorneys' fees spent defending against Plaintiff's trade dress infringement claim were expended unnecessarily since that claim was patently frivolous. Given that Plaintiff's pursuit of a trade dress infringement claim against Defendants was "unjustified, groundless, or frivolous" and, more egregiously, anti-competitive, and that this lawsuit was brought for an improper motive, and "the plaintiff's subjective conduct throughout the litigation" was "vexatious," this case rises to the "exceptional" level that properly

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Motion for Prevailing Party Attorneys' Fees and Incorporated Memorandum of Law
Page 4 of 16

merits an award of fees to Defendants. *See J&J Snack Foods, Corp. v. Earthgrains, Co.*, Civ. Case. No. 000-6230, 2003 WL 21051711, at * 3 (D.N.J. May 9, 2003).

   **C.** **Defendants are Entitled to Prevailing Party Attorneys' Fees on Plaintiff's Claims for Tortious Interference with Contract and Unjust Enrichment Under the Virgin Islands Code**

Defendants prevailed on both claims brought by Plaintiff under Virgin Islands law, thus, pursuant to Section 541 of Title 5 of the Virgin Islands Code, they are entitled to recover the attorneys' fees incurred in defending against those claims. Accordingly, the attorneys' fees incurred in defending against the claims made under Virgin Islands law are also properly awarded to Defendants.

   **D.** **The Rates Charged by Defense Counsel in this Matter are Reasonable and Consistent with Prevailing Rates in the Community and the Amount of Attorney Time Expended Was Reasonable and Necessary**

Defendants first appeared in this matter on August 3, 2011, and have been defending ever since. Throughout the case, Defendants have been represented by Ravinder S. Nagi and Lisa Michelle Kömives of BoltNagi PC ("BoltNagi"). BoltNagi is a reputable Virgin Islands law firm that has been in existence for more than twenty (20) years. It currently employs seven (7) attorneys, and it is one of the larger firms in the U.S. Virgin Islands. *See* Declaration of Counsel, ¶ 3, attached as **Exhibit 4**. Attorney Nagi is a Shareholder and Assistant Managing Attorney specializing in litigation and labor and employment matters; his hourly rate is $275.00 per hour. *See id.* at ¶ 7. The undersigned is a Senior Associate specializing in litigation with an hourly rate of $250.00 per hour. *See id.* At a certain point in time, defense counsel both reduced their respective hourly rates for this case to $240.00 per hour. *Id.* at n. 1. Typically, attorneys' fees in the Virgin Islands range anywhere from $225.00 to $375.00 per hour for legal services performed by associates and shareholder/partners from reputable law firms. The total amount of

Case: 3:11-cv-00055-CVG-RM Document #: 82 Filed: 07/09/13 Page 5 of 16

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Motion for Prevailing Party Attorneys' Fees and Incorporated Memorandum of Law
Page 5 of 16

billable hours that have been expended by counsel for Defendants, to date, is one hundred and seventy four and one quarter hours (174.25). *Id.* at ¶ 9. The total amount of legal fees incurred by Defendants for billable work performed in this matter, to date, is forty one thousand seven hundred and eighty three dollars and seventy five cents ($41,783.75). *Id.* at ¶ 10.

## II. MEMORANDUM OF LAW

Federal Rule of Civil Procedure Rule 54 requires that "a claim for attorney's fees . . . be made by motion[.]" Fed. R. Civ. P. 54(d)(2)(A). Such motion must be filed within fourteen (14) days of the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). The motion must also "specify the judgment and the statute, rules, or other grounds entitling the movant to an award" and "state the amount sought or provide a fair estimate of it[.]" Fed. R. Civ. P. 54(d)(2)(B)(ii) & (iii).

### A. Defendants' Are Entitled to Prevailing Party Attorneys' Fees Under the Lanham Act

Section 35(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). To determine an appropriate award of attorneys' fees under section 35(a) of the Lanham Act, the Court must determine (1) whether the case was an exceptional case for which fees are warranted, and (2) if it was exceptional, whether defendants' proposed fees are reasonable and should be awarded. *J&J Snack Foods, Corp. v. Earthgrains, Co.*, Civ. Case. No. 000-6230, 2003 WL 21051711, at * 3 (D.N.J. May 9, 2003).

#### 1. *Fair Wind Engaged in Culpable Conduct in Filing and Litigating this Action*

Determining whether a case is "exceptional" requires the district court to first consider whether the losing party "engaged in any culpable conduct." *Green v. Fornario*, 486 F.3d 100, 103 (3d Cir. 2007). "[C]ulpable conduct comes in a variety of forms and may vary depending on

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Motion for Prevailing Party Attorneys' Fees and Incorporated Memorandum of Law
Page 6 of 16

the circumstances of a particular case." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F. 3d 273, 280 (3d Cir. 2000). Typical examples of culpable conduct on the part of a defendant include, but are not limited to, "bad faith, fraud, malice, and knowing infringement." *Id.* However, when the prevailing party in a trade dress infringement case is the defendant, "the plaintiff's culpable conduct will necessarily center on the act of filing the lawsuit rather than on the infringement." *Id.* The plaintiff does not have to have acted in bad faith for a prevailing defendant to be awarded fees. *J & J Snack Foods,* 2003 WL 21051711 at *3.

Fair Wind engaged in culpable conduct in the filing of this anti-competitive lawsuit. First, Fair Wind did not contact Defendants by letter, or otherwise, to request that they stop their alleged infringement on Fair Wind's trade dress in advance of filing suit which, if the case were legitimate, might have obviated the need for a lawsuit. Second, Fair Wind filed a Lanham Act claim that was so legally insufficient—as well as being factually baseless, an interpretation which is bolstered by the fact that Fair Wind did not even attempt to re-assert its trade dress infringement claim in an amended complaint, because there were no facts to support the alleged infringement—that the Court disposed of it on a Motion to Dismiss. Moreover, Fair Wind filed this case for an improper purpose, to stifle competition. Plainly, Fair Wind engaged in culpable conduct in the filing of this suit.

> **2.   *This Circumstances of this Case are Exceptional and Justify an Award of Prevailing Party Attorneys' Fees in Defendants' Favor***

If the court finds culpable conduct on the part of the losing party, it next "must decide whether the circumstances are 'exceptional' enough to warrant a fee award." *Green*, 486 F.3d at 103. Factors to consider in determining whether a case is "exceptional" include whether the plaintiff's pursuit of a claim was "unjustified, groundless, or frivolous" and whether "the

Case: 3:11-cv-00055-CVG-RM Document #: 82 Filed: 07/09/13 Page 7 of 16

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Motion for Prevailing Party Attorneys' Fees and Incorporated Memorandum of Law
Page 7 of 16

plaintiff's subjective conduct throughout the litigation" was "vexatious or involving other misconduct." *J & J Snack Foods,* 2003 WL 21051711 at *3 (internal footnotes omitted). Unjustified and groundless claims include those which have no legal basis or lack merit. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002) (affirming fee award when trademark claim was "groundless and unreasonable because it had no legal basis"); *Yankee Candle Co. v. Bridgewater Candle Co.*, 140 F. Supp. 2d 111, 121–22 (D.Mass. 2001) (awarding fees after considering plaintiff's "aggressive pursuit of unfounded claims") (abrogated on other grounds).

Plainly, Fair Wind's pursuit of its trade dress infringement claim was unjustified, groundless, and frivolous. In fact, Fair Wind could not—and did not—even manage to **plead** a viable trade dress infringement claim, let alone present any evidence in support of the same. Not only was Fair Wind's trade dress claim unjustified, groundless, and frivolous, it was anti-competitive and designed harass and intimidate Defendants. As discussed in *OPA (Overseas Publishing Association) v. American Institute of Physics*, 986 F.Supp. 242, 244 (S.D.N.Y. 1997), "there is precedent in a § 1117(a) context for inquiry as to the plaintiffs' motivation." The court continued:

> Thus in *Mennen Co. v. Gillette Co.*, 565 F.Supp. 648, 657 (S.D.N.Y.1983), *aff'd*, 742 F.2d 1437 (2d Cir. 1984), Judge Milton Pollack wrote:
> There is a substantial overtone in this case to warrant an inference that the suit was initiated as a competitive ploy. As such it carries necessary damages to the defendant when the plaintiff's claims are found, as they are here, to have no real substance.
>
> Also writing in 1983, Judge Spatt wrote in *Viola Sportswear, Inc. v. Mimun*, 574 F.Supp. 619, 620 (E.D.N.Y. 1983):
> The phrase "exceptional circumstances" is not explained but it must surely be construed to encompass a case such as this which was without merit. One can only speculate about the motives which prompted this suit and in doing so none that are laudable come readily to mind.

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Motion for Prevailing Party Attorneys' Fees and Incorporated Memorandum of Law
Page 8 of 16

> Citing *Viola* and *Mennen*, Judge Sweet noted in *Universal City Studios, Inc. v. Nintendo Co.*, 615 F.Supp. 838, 864 (S.D.N.Y.1985), *aff'd*, 797 F.2d 70 (2d Cir. 1986):
> The trademark case alleged by Universal, as recounted above, was motivated for reasons other than a sincere belief in the merits of the underlying claims; and the investigation or lack thereof, that preceded filing the complaint was designed to avoid discovery of the lack of substance of the complaint. These factors establish that the case was exceptional within the meaning of 15 U.S.C. § 1117 both because it was initiated in bad faith and because the suit was designed to serve ulterior business motives.

*Id.* Moreover, not only was Plaintiff's "trade dress infringement" count created out of whole cloth forcing Defendants to litigate a groundless, baseless and frivolous claim, as discussed above, Fair Wind vexatiously multiplied the attorneys' fees incurred by Defendants with multiple baseless filings.

Further, the United States Supreme Court has endorsed the Third Circuit's articulation of nonexclusive factors that courts should apply in determining whether an award of attorneys' fees and costs is appropriate. *See Don Post Studios, Inc. v. Cinema Secrets, Inc.*, 148 F. Supp. 2d 572, 574 (E.D.Pa. 2001) (citing *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 535 n. 19 (1994) (awarding attorneys' fees to a prevailing defendant). These factors include frivolousness, motivation, objective unreasonableness—both in the factual and legal components of the case—and the need in particular circumstances to advance considerations of compensation and deterrence. *Id.* As addressed *supra* and for the aforestated reasons, Fair Wind's trade dress infringement claim was frivolous, based on a the desire to stifle competition, and objectively unreasonable—both legally and factually—and these circumstances call out for the Court to award Defendants the attorneys' fees they were unjustly forced to expend to defend against Fair Wind's trade dress infringement claim, and to deter Fair Wind from engaging in frivolous anti-competitive litigation in the future.

Case: 3:11-cv-00055-CVG-RM Document #: 82 Filed: 07/09/13 Page 9 of 16

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Motion for Prevailing Party Attorneys' Fees and Incorporated Memorandum of Law
Page 9 of 16

Specifically with respect to trade dress infringement claims, district courts have not hesitated to award attorneys' fees under the Lanham Act when a defendant is forced to defend against a frivolous trade dress claim like the one at issue in the instant action. For example, in *Ferraris Medical, Inc. v. Azimuth Corp.*, Case No. Civ. 99-66, 2002 WL 1728225, *2 (D.N.H. July 24, 2002), the court awarded attorneys' fees after concluding that "Plaintiff's suit was oppressive in that its Lanham Act claims were completely lacking in merit, to the point of being frivolous." The court stated:

> As to its trade dress claims, Ferraris knew it had to prove both non-functionality and acquisition of secondary meaning in order to prevail, yet it offered no evidence of non-functionality, and even failed to convey any reasonable basis for thinking its harness design was anything but functional.

*Id.* Similarly, in *Vital Pharmaceuticals, Inc. v. American Body Building Products, LLC*, 510 F. Supp. 2d 1043 (S.D.Fla. 2007) the court held that a fee award was warranted because the plaintiff "could not satisfy even one of the elements of a valid trade dress claim, and its case suffered from severe credibility problems and a lack of convincing evidence." The court observed:

> The features of the Redline bottle that Plaintiff claimed as its protected trade dress were very limited, namely its smooth, cylindrical bottle design and neck with vertical lettering of the product name. This trade dress was not inherently distinctive, and despite the fact that courts have held survey evidence to be the most persuasive in establishing secondary meaning, Plaintiff intentionally chose not to present survey evidence. Plaintiff's trade dress, aside from the functional element of vertical lettering, was nothing more than a bottle with a neck on it, a purely functional design.

*Id.* at 1049–51; s*ee also Bretford Mfg., Inc. v. Smith System Mfg. Co.*, 389 F. Supp. 2d 983, 986 (N.D.Ill. 2005) (awarding attorneys' fees to prevailing defendant after plaintiff failed to produce any evidence as to a necessary element of its trade dress claim, explaining that "[p]roof of likelihood of confusion, then, has always been a necessary element of a Lanham Act trade dress

Case: 3:11-cv-00055-CVG-RM Document #: 82 Filed: 07/09/13 Page 10 of 16

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Motion for Prevailing Party Attorneys' Fees and Incorporated Memorandum of Law
Page 10 of 16

claim . . . Bretford's complete lack of any evidence of likelihood of confusion makes this an exceptional case in our view, and we will award reasonable fees for the work Smith was required to do in defense of the trade dress claim.).

In awarding fees to the prevailing defendant in a trade dress infringement action, the court in *Allegheny Coupling Co. v. Betts Industries, Inc.*, Civ. Case No. 06-07, 2011 WL 1230151, at *8 (W.D.Pa. March 31, 2011) explained its award in favor of the prevailing defendant thusly:

> Allegheny's filing and continued pursuit of its trade dress claim was patently frivolous and groundless. The Lanham Act requires that a party asserting a trade dress infringement claim must demonstrate that the features or characteristics upon which the claim is based are "nonfunctional." 15 U.S.C. § 1125(a)(3). Nonetheless, Allegheny asserted trade dress protection for parts that were fundamentally generic and whose product features were indisputably functional.

Importantly, the *Ferraris Medical*, *Vital Pharmaceuticals* and *Allegheny Coupling's* courts' determinations that the defendants were entitled to prevailing party attorneys' fees on the grounds that each of those cases were "exceptional" were all made well after the motion to dismiss stage.  Apparently, the plaintiffs in those cases were at least able to properly plead a claim for trade dress infringement, although the courts did ultimately determine that the plaintiffs could not prove their cases and that those cases were "exceptional" and justified attorneys' fee awards to the prevailing defendants.

Far more egregiously, in the instant case the Court found that Plaintiff failed to even properly plead a claim for trade dress infringement.  The Court explained that "Fair Wind has failed to specifically identify the product features it seeks to protect. Fair Wind has also failed to sufficiently plead the first two element necessary to state a trade dress infringement claim. As such, the Court will not [even] reach the 'likelihood of confusion" element." Order granting

Case: 3:11-cv-00055-CVG-RM   Document #: 82   Filed: 07/09/13   Page 11 of 16

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Motion for Prevailing Party Attorneys' Fees and Incorporated Memorandum of Law
Page 11 of 16

Partial Motion to Dismiss, p. 16 [DE #71].  Therefore, the fact that Plaintiff failed to even properly plead a claim for trade dress infringement highlights the exceptional nature of this case.

As the Third Circuit Court of Appeals discussed in *Securacomm Consulting*, citing to the United States Senate Report on the Lanham Act's prevailing party attorneys' fee provision:

> [The attorney's fee provision] provides that attorney fees may be awarded to the prevailing party in actions under the federal trademark laws, when equitable considerations justify such awards. It would make a trademark owner's remedy complete in enforcing his mark against willful infringers, **and would give defendants a remedy against unfounded suits**.

*Securacom Consulting, Inc. v. Securacom Inc.*, 224 F. 3d 273, 280 (3d Cir. 2000), (citing S. Rep. No. 93-1400, at 6 (1974), reprinted in 1974 U.S.C.C.A.N. 7132, 7137) (emphasis added) (awarding attorneys' fees to the prevailing defendant).  Indeed, providing a remedy to defendants who have been forced to defend against unfounded suits is the exact legislative purpose of an prevailing defendant fee award under the Lanham Act and, in the instant case, is the only way Defendants can be made whole for the expense of defending this action unjustifiably forced on them by Plaintiff.  Accordingly, as the instant case is "exceptional" as that term is has been defined in the case law awarding attorneys' fees to prevailing defendants under the Lanham Act, Defendants are entitled to their attorneys' fees for successfully defending against Fair Wind's claim for trade dress infringement.

### B.   Defendants Are Entitled to Prevailing Party Attorneys' Fees Under 5 V.I.C. § 541

With regard to Defendants' entitlement to their prevailing party attorneys' fees for defending against Plaintiff's claims tortious interference with contract and unjust enrichment, local statutes govern awards of attorneys' fees "for the litigant who succeeds in pursuing Virgin Islands territorial claims." *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 183 (3d Cir. 1999).

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Motion for Prevailing Party Attorneys' Fees and Incorporated Memorandum of Law
Page 12 of 16

Section 541 of Title 5 of the Virgin Islands Code allows a court to tax attorneys' fees as costs to a prevailing party in a civil action:

> (a) Costs which may be allowed in a civil action include:
>
> * * *
>
> (6) Attorney's fees as provided in subsection (b) of this section.
>
> (b) The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto[.]

5 V.I.C. § 541.  This Court has written that:

> While Section 541 does not define "prevailing party," the phrase as used in a federal fee-shifting statute has been defined by the Supreme Court of the United States as one who has "receive[d] at least some relief on the merits of his claim." . . . . The Court further explained that the judgment, order, or decree must "change [ ] the legal relationship between [the plaintiff] and the defendant" in order for a party to claim victory and be awarded costs.

*Rohn v. AT&T Mobility, LLC*, Civ. Case No. 2007-80, 2009 WL 1455359, at *1 (D.V.I. May 21, 2009) (Gómez, C.J.) (edits in original).  The statute is intended "to indemnify the prevailing party, and 'the policy behind the statute is that a party should not have to bear the legal expenses of demonstrating either that it is not at fault or that it is the victim of another's fault.'" *Int'l Leasing & Rental Corp. v. Gann*, Civ. Case No. 08–40, 2010 WL 1284464, at *1 (D.V.I. Mar. 23, 2010) (quotation omitted).

Here, Defendants have prevailed on Plaintiff's claims for tortious interference with contract and unjust enrichment brought pursuant to Virgin Islands law by virtue of the June 25, 2013 Stipulation of Dismissal with Prejudice and Court's March 5, 2013, granting of Defendants' Partial Motion to Dismiss, respectively.  Thus, Defendants are entitled to recover the attorneys' fees incurred in defending against those claims.

Case: 3:11-cv-00055-CVG-RM Document #: 82 Filed: 07/09/13 Page 13 of 16

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Motion for Prevailing Party Attorneys' Fees and Incorporated Memorandum of Law
Page 13 of 16

  **C.** **The Rates Charged by Defense Counsel in this Matter are Reasonable and Consistent with Prevailing Rates in the Community and the Amount of Attorney Time Expended Was Reasonable and Necessary**

Once a court determines that attorneys' fees shall be awarded, it must then determine what constitutes a reasonable attorneys' fee for a given matter. The presumptively reasonable "lodestar" rate consists of the hours worked multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983); *Jo–Ann Launder Ctr., Inc. v. Chase Manhattan Bank, N.A*., Civ. Case No.1989–106, 1995 WL 78299, at *4–5 (D.V.I. Feb. 9, 1995). After conducting this calculation, a court may then adjust the amount to "take into account any other relevant factors that are not already adequately represented in the lodestar calculation." *Equivest St. Thomas, Inc. v. Gov't of the V.I.*, Civ. Case No. 2001–155, 2004 WL 3037953, at *2 (D.V.I. Dec. 31, 2004).

With respect to determining a proper lodestar figure for reasonable attorneys' fees, the general approach is that a reasonable hourly rate is determined by the prevailing market rates in the community. *Blum v. Stevenson*, 465 U.S. 886, 895–96 n. 11 (1984); *Washington v. Philadelphia Cty. Ct. of Common Pleas*, 89 F.3d 1031, 1035, (3d Cir. 1996). "[T]he court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Defendants submit that in light of the skill and experience of defense counsel, the $240.00 to $275.00 hourly rate charged by the defense attorneys who handled this matter is in line with the prevailing market rate for this type of work in the U.S. Virgin Islands.

With respect to the hours worked defending this mattter, defense counsels' legal fees are set forth in discrete billing entries. A few entries contain aggregated tasks that are closely related

Case: 3:11-cv-00055-CVG-RM   Document #: 82   Filed: 07/09/13   Page 14 of 16

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Motion for Prevailing Party Attorneys' Fees and Incorporated Memorandum of Law
Page 14 of 16

both in their timing and their nature so as to warrant inclusion in the same entry. *See* Decl. of Counsel at Exh. 4. Nothing in these billing entries suggests that the aggregate time billed is excessive or otherwise improper. *See Berne v. Gov't of the V.I.*, Civ. Case Nos. 2000–141, 2000–167, 2001–151, 2001–155, 2001–181, 2001–196, 2001–197, 2001–228, 2002–0572010 2010 WL 3927703, at *3 (D.V.I. Sept. 30, 2010) ("The determinative question for such aggregated entries is whether [such entries] represent excessive billing."). Some of the entries consist of conferences between counsel and Defendants regarding the case, case strategy, and preparing for hearings. Virgin Islands case law specifically contemplates that time spent conferring with a client is recoverable. *See Equivest St. Thomas,* 2004 WL 3037953 at *4 (noting that the Model Rules of Professional Conduct require attorneys to keep their clients reasonably apprised of their cases). Accordingly, as the rates charged by defense counsel are in line with the prevailing market rate in the U.S. Virgin Islands for the type of legal work performed, and the number of hours billed defending the case are reasonable, Defendants are entitled to an award of prevailing party attorneys' fees in the amount established by the attached Declaration of Counsel.

### III.     CONCLUSION

Defendants have prevailed on each and every claim asserted by Plaintiff in the above-captioned case—Trade Dress Infringement under the Lanham Act, Tortious Interference with Contract and Unjust Enrichment—and, as such, are entitled to the attorneys' fees incurred in the course of their successful defense. Given that Plaintiff's pursuit of a trade dress infringement claim against Defendants was "unjustified, groundless, or frivolous" and, more egregiously, anti-competitive, this case rises to the "exceptional" level that properly merits an award of prevailing party attorneys' fees to Defendants under the Lanham Act. Defendants have also prevailed on

Case: 3:11-cv-00055-CVG-RM Document #: 82 Filed: 07/09/13 Page 15 of 16

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Motion for Prevailing Party Attorneys' Fees and Incorporated Memorandum of Law
Page 15 of 16

Plaintiff's claims for tortious interference with contract and unjust enrichment which were brought pursuant to Virgin Islands law and, therefore, are entitled to recover the reasonable attorneys' fees they expended in defending against those causes of action as well.

**WHEREFORE**, on the basis of the foregoing, Defendant H. Scott Dempster individually and d/b/a Virgin Island Sailing School and Defendant "Virgin Island Sailing School" a d/b/a for Go Dog Go, Inc., respectfully request that the Court enter an order awarding Defendants the attorneys' fees incurred in connection with this action as set forth in the attached Declaration of Counsel, and awarding Defendants all such other and further relief as the Court deems just and proper.

Dated: July 9, 2013

s/ *Lisa Michelle Kömives*
Ravinder S. Nagi
Lisa Michelle Kömives
BOLTNAGI PC
5600 Royal Dane Mall, Suite 21
St. Thomas, VI 00802
Telephone: (340) 774-2944
Facsimile: (340) 776-1639
rnagi@vilaw.com
VI Bar No.: 1034
lkomives@vilaw.com
VI Bar No.: 1171

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Motion for Prevailing Party Attorneys' Fees and Incorporated Memorandum of Law
Page 16 of 16

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED THAT** a true and exact copy of the foregoing *DEFENDANTS' MOTION FOR PREVAILING PARTY ATTORNEYS' FEES AND INCORPORATED MEMORANDUM OF LAW* was served on this the 9th day of July 2013 upon:

Michael C. Quinn
Dudley, Topper and Feuertzeig, LLP
Law House, 1000 Frederiksberg Gade
P.O. Box 756
St. Thomas, VI 00804
Telephone: (340) 715-4484
Facsimile: (340) 715-4400
mquinn@dtflaw.com
*Attorneys for Plaintiff*

**via: CM/ECF** ☒ **| Mail** ☐ **| Fax** ☐ **| Hand Delivery** ☐ **| Email** ☐

s/ *Lisa Michelle Kömives*
Lisa Michelle Kömives
