```
            DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN
```

FAIR WIND SAILING, INC.,            )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )   Civil No. 2011-55
                                    )
H. SCOTT DEMPSTER, Individually     )
and Doing Business as VIRGIN        )
ISLAND SAILING SCHOOL and VIRGIN    )
ISLAND SAILING SCHOOL,              )
                                    )
        Defendants.                 )
                                    )

**ATTORNEYS:**

**Michael C. Quinn, Esq.**
Dudley Topper & Feuerzeig
St. Thomas, VI
    *For Fair Wind Sailing, Inc.*

**Lisa M. Kömives, Esq.**
Bolt Nagi PC
St. Thomas, VI
    *For H. Scott Dempster and Virgin Island Sailing School.*

<u>ORDER</u>

**GÓMEZ, J.**

Before the Court is the motion of H. Scott Dempster, individually, and Virgin Island Sailing School, doing business as Go Dog Go, Inc., for $41,783.75 in attorney's fees from Fair Wind Sailing School, Inc.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

This action commenced on May 10, 2011, when Fair Wind Sailing School, Inc. ("Fair Wind") filed a complaint in this

*Fair Wind Sailing v. Dempster, et al.*
Civil No. 2011-55
Memorandum Opinion and Order
Page 2

Court against the Virgin Island Sailing School ("VISS") and H. Scott Dempster ("Dempster"), individually and doing business as "VISS." Fair Wind alleges a Lanham Act violation, tortious interference with a contract, and unjust enrichment.

Dempster and VISS moved to dismiss the Lanham Act and unjust enrichment claims. On March 5, 2013, this Court granted the motion to dismiss. Subsequently, on June 25, 2013, the parties filed a joint stipulation of dismissal for the last remaining claim, tortious interference with contract.

## II. DISCUSSION

Title 5, section 541 of the Virgin Islands Code provides:

Costs which may be allowed in a civil action include:

> (1) Fees of officers, witnesses, and jurors;
> (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
> (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
> (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;
> (5) Necessary expense of copying any public record, book, or document used as evidence in the trial; and
> (6) Attorney's fees as provided in subsection (b) of this section.

V.I. CODE ANN. tit. 5, § 541(a) (1986). The statute further provides: "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way

of indemnity for his attorney's fees in maintaining the action or defenses thereto . . . ." *Id*. at (b).

To determine a fair and reasonable award of attorney's fees, the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service, and the certainty of compensation. *Lempert v. Singer*, Civ. No. 1990-200, 1993 U.S. Dist. LEXIS 19923, at *5 (D.V.I. December 30, 1993); *see also Morcher v. Nash*, 32 F. Supp. 2d 239, 241 (D.V.I. 1998). Reasonable attorney's fees may include charges for work that was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986).

### III. ANALYSIS

Applying the standard outlined above, the Court finds that some of the $41,783.75 in attorney's fees was not reasonably expended.

Dempster and VISS ("the defendants") request reimbursement for work that was billed excessively. For instance, the defendants filed an opposition to Fair Winds's motion for sanctions. The defendants seek approximately $1,380 for their efforts researching and drafting this opposition, in addition to

other hours billed to review the motion for sanctions. The opposition was less than five full pages. It discusses some legal authority and consists largely of conclusory allegations. For instance, the defendant asserts that the plaintiff's motion is "entirely frivolous and a waste of this Court's valuable time;" that the allegations are "completely untrue;" and accuses the plaintiff of "regretting its failure to accept Defendants' very fair offer and is now taking its frustration with itself out on Defendants by way of the instant and frivolous motion." (ECF No. 63 at p. 2.) The defendants have also attempted to bill 14.25 hours, or $3,420 of work on the instant motion for attorney's fees. Such instances of excessive billing will be reduced. *See, e.g., Gulfstream III Assocs., Inc.*, 995 F.2d at 422 (noting a "district court's power to reduce the fee award by excluding time as excessive [or] duplicative . . . .").

Additionally, fee reductions may be necessary when billing records offered in support of a fee petition are not sufficiently specific. Extensive documentation is not required in order for a party to provide a district court with sufficient information. Rather, "specificity should only be required to the extent necessary for the district court 'to determine if the hours claimed are unreasonable for the work performed.'"

*Fair Wind Sailing v. Dempster, et al.*
Civil No. 2011-55
Memorandum Opinion and Order
Page 5

*Washington*, 89 F.3d at 1037 (*quoting Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990)).

> [A] fee petition should include some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations . . . . However it is not necessary to note the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney.

*Rode*, 892 F.2d at 1190 (quoting *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)).

The Third Circuit addressed the specificity of fee petitions in *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 195 F. App'x 93 (3d Cir. 2006) (unpublished). In that case, the Circuit addressed whether an appellant's fee petition that listed such entries as "Attn to brief" and "Attn to reply" provided the requisite level of specificity. The Court reasoned that, while greater specificity may be favored, such entries were "sufficiently clear to allow us to know the tasks to which [the appellant's attorney] devoted his time." *Tenafly*, 195 F. App'x at 100. Nonetheless, the Circuit found that two entries describing the activities of the appellant's attorney did not measure up to the "sufficiently clear" standard. Specifically, the Circuit found that an entry for "attn to papers" and an entry for "attn to status" did not "provide any indication to

what 'papers' or 'status' [the appellant's attorney] was attending." *Id*.

Here, several of defendants' entries fail to provide enough detail for the Court's review. Entries such as, "Review of opposing counsel email" are similar to the entries found to be deficient by the Third Circuit in *Tenafly*. Entries that fail to provide information about the subject of the action taken by an attorney will be excluded.

The Court also notes that a few of the entries feature a list of varied activities. For instance, there is an entry with the following detail:

> Draft mediation statement for Magistrate Judge; legal research for same; review order setting mediation conference and setting forth requirements of mediation statement; teleconference with client re: mediation and position.

(11/13/2012 Matter Ledger Report for Lisa Michelle Kömives ("LMK") ECF No. 82-4). The entry shows 4.75 hours billed at a value of $1,187.50. The lumping of activities in this way is disfavored. *See Good Timez, Inc. v. Phoenix Fire and Marine Ins. Co.*, 754 F. Supp. 459, 463 n.6 (D.V.I. 1991). To the extent that the Court considers the time associated with a lumped entry to exceed the time reasonable for the completion of those various tasks, the Court will reduce the fees associated with such entries.

*Fair Wind Sailing v. Dempster, et al.*
Civil No. 2011-55
Memorandum Opinion and Order
Page 7

The Court also notes that the issues in this case were not novel, but, rather, "relatively commonplace." *See Good Timez, Inc. v. Phoenix Fire & Marine Ins. Co.*, 754 F. Supp. 459, 463 (D.V.I. 1991) ("In computing what is a reasonable award of attorney's fees in a particular case, the court should consider, among other things, the novelty and complexity of the issues presented in that case.") (citing *Lindy Bros. Builders v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 168 (3d Cir. 1973)). Indeed, Dempster attaches two similar complaints that Fair Winds has against other defendants. (ECF Nos. 82-1, 82-2.) Consequently, the Court will reduce the fee award to reflect those facts. *See Home Depot, U.S.A. v. Bohlke Int'l Airways*, Civ. No. 1998-102, 2001 U.S. Dist. LEXIS 6935, at *1-2 (D.V.I. Apr. 30, 2001) ("The decision whether to award attorney's fees to a prevailing party is entirely within the Court's discretion.") (internal citation omitted).

## IV. <u>CONCLUSION</u>

The Court will reduce the fee award to reflect the circumstances outlined above. *See Home Depot, U.S.A. v. Bohlke Int'l Airways,* Civ. No. 1998-102, 2001 U.S. Dist. LEXIS 6935, at *1-2 (D.V.I. Apr. 30, 2001) ("The decision whether to award attorney's fees to a prevailing party is entirely within the Court's discretion." (internal citation omitted)).

*Fair Wind Sailing v. Dempster, et al.*
Civil No. 2011-55
Memorandum Opinion and Order
Page 8

The premises considered, it is hereby

**ORDERED** that Fair Wind is liable to Dempster and VISS for attorney's fees in the amount of $36,347.50.

S_____

**Curtis V. Gómez**
**District Judge**