# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| FAIR WIND SAILING INC., | ) |
| | ) **CIVIL NO. 55/2011** |
| Plaintiff, | ) |
| | ) ACTION FOR TORTIOUS |
| | ) INTERFERENCE, |
| | ) LANHAM ACT VIOLATIONS, |
| H. SCOTT DEMPSTER, Individually and Doing | ) UNJUST ENRICHMENT AND |
| Business as VIRGIN ISLAND SAILING SCHOOL | ) INJUNCTIVE RELIEF |
| and VIRGIN ISLAND SAILING SCHOOL, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' BRIEF IN SUPPORT OF THE GRANT OF ATTORNEYS' FEES UNDER THE LANHAM ACT AND APPORTIONMENT OF FEES IN THE ALTERNATIVE

**COMES NOW**, Defendant H. Scott Dempster individually and Defendant "Virgin Island Sailing School" a d/b/a for Go Dog Go, Inc. ("VISS"), by and through undersigned counsel, and submits its brief pursuant to this Court's Order dated November 19, 2015 instructing the parties to address the issues of 1) "exceptionality" under the Lanham Act of Section 1117(a) of Title 15 of the United States Code; and if necessary, 2) the appropriate apportionment of attorneys' fees incurred between the territorial and federal claims; and, in support hereof, does state as follows.

### I. INTRODUCTION

Defendants have prevailed on each and every claim asserted by Plaintiff in the above-captioned case and, as such, are entitled to the attorneys' fees incurred in the course of their successful defense. In May of 2011, Plaintiff filed a Complaint asserting the following three causes of action against Defendants: 1) a claim for Trade Dress Infringement under the Lanham Act (Count I); 2) Tortious Interference with Contract (Count II); and 3) Unjust Enrichment (Count III). On July 27, 2012, Defendants filed a Partial Motion to Dismiss Counts I and III of

16,820

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Brief in Support of Lanham Act Fees and Apportionment of Territorial Claims
Page 2 of 15

the Complaint. On March 15, 2013, the Court granted Defendants' Motion to Dismiss those Counts [DE #71] finding that Fair Wind: 1) did not sufficiently identify the alleged trade dress it sought to protect; 2) failed to allege that its trade dress was non-functional; and 3) failed to allege that the trade dress at issue was inherently distinctive or had acquired secondary meaning. *See* Order granting Partial Motion to Dismiss at 16. The Court declined to discuss the third element of trade dress infringement, likelihood of confusion, as the deficiencies enumerated *supra* already doomed Fair Wind's trade dress infringement claim. *See id.* The Court also gave Fair Wind until March 25, 2013, to amend its Complaint to re-state claims for trade dress infringement and unjust enrichment (*Id.* at 19), but it did not do so. On June 25, 2013, pursuant to Federal Rule of Civil Procedure 41, the parties filed a Joint Stipulation of Dismissal of Count II, with prejudice. [DE #81].

Thereafter, on July 9, 2013, Defendants moved this Court for attorneys' fees under § 35(a) of the Lanham Act and 5 V.I.C. § 541 in an amount of $41,783.75. [DE #82]. On July 24, 2013, Fair Wind appealed this Court's dismissal of the Lanham Act and unjust enrichment claims. [DE #85]. On March 6, 2014, this Court granted an award of attorneys' fees in the amount of $36,347.50 [DE #89] after concluding a portion of the fee amount requested was unreasonably expended. On March 8, 2014, Fair Wind filed a second appeal of that award of fees and sought to consolidate the two actions before the 3rd Circuit Court of Appeals. [DE #90]. After hearing oral arguments on May 13, 2014, the 3rd Circuit delivered its opinion dated September 3, 2014, affirming this Court's dismissal of Fair Winds claims and vacating the award of attorneys' fees. [DE #91] In doing so, it remanded the case, directing the District Court to evaluate whether or not "this case is an 'exceptional' one under § 35(a) of the Lanham Act." *Id.* at 25. It further instructed that if this Court determined that the case was not "exceptional," to

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Brief in Support of Lanham Act Fees and Apportionment of Territorial Claims
Page 3 of 15

attempt an apportionment of any fees accrued by Defendants in litigating the Lanham Act claim. *Id.* After Defendant's Request for Status Conference, this Court issued an Order on November 19, 2015 instructing the parties to address the issues of 1) "exceptionality" under the Lanham Act of Section 1117(a) of Title 15 of the United States Code; and, 2) the appropriate apportionment of attorneys' fees incurred between the territorial and federal claims. [DE #97].

### II. ARGUMENT

#### A. Legal Standard.

Section 35(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). In disposing of the consolidated appeals by the Plaintiff in this case, the 3rd Circuit issued a precedential ruling and adopted the expanded "exceptional case" standard set forth in *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S.Ct. 1749 (2014). [DE #91 at 22]. The *Octane Fitness* Court, in analyzing when a district court may award attorneys' fees under the Patent Act, 35 U.S.C. § 285, adopted a more expansive definition of "exceptional" than previously applied by the Federal Circuit. *Id.* Looking to the plain language of the term, the *Octane Fitness* Court set forth that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* (quoting *Octane Fitness*, 134 S.Ct. at 1756). Prior to *Octane Fitness*, the courts took the position that a case was only deemed "exceptional" if "litigation-related misconduct of an independently sanctionable magnitude" is found, or if the claims are both "'brought in subjective bad faith' and 'objectively baseless.'" *Octane Fitness*, 134 S.Ct. at 1756 (quoting *Brooks Furniture Mfg., v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005)).

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Brief in Support of Lanham Act Fees and Apportionment of Territorial Claims
Page 4 of 15

In this case, the 3rd Circuit relaxed the previous threshold to awarding fees in Lanham Act claims. In doing so, it adopted the *Octane Fitness* standard for analyzing Lanham Act claims on the basis that § 285 of the Patent Act and § 35(a) of the Lanham Act are identical and that Congress had intended that they be read congruently when it referenced § 285 in passing § 35(a). *See id.* at 23 (citing Rep. No. 93-1400, at 2 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7132, 7133; and *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 279 (3d Cir. 2000)). Importing the *Octane Fitness* standard into its interpretation of § 35(a) of the Lanham Act, the 3rd Circuit held that

> [A] district Court may find a case "exceptional," and therefore award fees to the prevailing party, when **(a) there is an unusual discrepancy in the merits of the positions taken by the parties or (b) the losing party has litigated the case in an "unreasonable manner."**

*See id.* at 23-24 (emphasis added) (citing *Octane Fitness*, 134 S.Ct. at 1756; and comparing *Green v. Fornario*, 486 F.3d 100, 103 (3d Cir. 2007) (noting that a district court may award fees as a result of either the circumstances of the Lanham Act violation or the way in which the losing party litigated the claim)). As will be delineated below, the facts of this case support an award of Lanham Act fees under the *Octane Fitness* standard, and thus, no apportionment of fees is necessary.

      **B.**      **This Case Meets the Threshold of an "Exceptional" Case Under § 35(a) of the Lanham Act and the *Octane Fitness* Standard.**

Defendants are entitled to prevailing party attorneys' fees under Section 1117(a) of Title 15 of the United States Code for their successful defense against Plaintiff's claim for trade dress infringement, because this case is "exceptional" within the meaning of the Lanham Act for which attorneys' fees are properly awarded. Under the first prong of the *Octane Fitness* test, the

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Brief in Support of Lanham Act Fees and Apportionment of Territorial Claims
Page 5 of 15

"discrepancy in the merits" of Fair Wind's claim is met by the complete dearth of facts alleged to support it and the inability of that claim to survive a motion to dismiss. Furthermore, the attempts of Fair Wind to use the Lanham Act as a sword to attack competitors and its conduct throughout to drive up the costs of this litigation should be deemed unreasonable under the second prong of the *Octane Fitness* standard.

### 1. This Case Consists of a Clear "Discrepancy in the Merits."

Plainly, Fair Wind's pursuit of its trade dress infringement claim was unjustified, groundless, and frivolous. In fact, Fair Wind could not—and did not—even manage to **plead** a viable trade dress infringement claim, let alone present any evidence in support of the same. Not only was Fair Wind's trade dress claim unjustified, groundless, and frivolous, it was anti-competitive and designed to harass and intimidate Defendants. As discussed in *OPA (Overseas Publishing Association) v. American Institute of Physics*, 986 F.Supp. 242, 244 (S.D.N.Y. 1997), "there is precedent in a § 1117(a) context for inquiry as to the plaintiffs' motivation." The court continued:

> Thus in *Mennen Co. v. Gillette Co.*, 565 F.Supp. 648, 657 (S.D.N.Y.1983), *aff'd*, 742 F.2d 1437 (2d Cir. 1984), Judge Milton Pollack wrote:
>
> There is a substantial overtone in this case to warrant an inference that the suit was initiated as a competitive ploy. As such it carries necessary damages to the defendant when the plaintiff's claims are found, as they are here, to have no real substance.
>
> Also writing in 1983, Judge Spatt wrote in *Viola Sportswear, Inc. v. Mimun*, 574 F.Supp. 619, 620 (E.D.N.Y. 1983):
>
> The phrase "exceptional circumstances" is not explained but it must surely be construed to encompass a case such as this which was without merit. One can only speculate about the motives which prompted this suit and in doing so none that are laudable come readily to mind.

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Brief in Support of Lanham Act Fees and Apportionment of Territorial Claims
Page 6 of 15

> Citing *Viola* and *Mennen*, Judge Sweet noted in *Universal City Studios, Inc. v. Nintendo Co.*, 615 F.Supp. 838, 864 (S.D.N.Y.1985), *aff'd*, 797 F.2d 70 (2d Cir. 1986):
>
> The trademark case alleged by Universal, as recounted above, was motivated for reasons other than a sincere belief in the merits of the underlying claims; and the investigation or lack thereof, that preceded filing the complaint was designed to avoid discovery of the lack of substance of the complaint. These factors establish that the case was exceptional within the meaning of 15 U.S.C. § 1117 both because it was initiated in bad faith and because the suit was designed to serve ulterior business motives.

*Id.* Moreover, not only was Plaintiff's "trade dress infringement" count created out of whole cloth forcing Defendants to litigate a groundless, baseless and frivolous claim, as discussed above,

This Court found that Plaintiff failed to even properly plead a claim for trade dress infringement. The Court explained that "Fair Wind has failed to specifically identify the product features it seeks to protect. Fair Wind has also failed to sufficiently plead the first two elements necessary to state a trade dress infringement claim. As such, the Court will not [even] reach the 'likelihood of confusion" element." Order granting Partial Motion to Dismiss, p. 16 [DE #71]. Therefore, the fact that Plaintiff failed to even properly plead a claim for trade dress infringement highlights the discrepancy in the merits.

### 2. Fair Wind Litigated its Case in an "Unreasonable Manner."

Throughout the duration of this case, and despite their inability to even plead, let alone prove, claims for trade dress infringement and unjust enrichment, Fair Wind has litigated this case in a highly "unreasonable manner". Fair Wind has multiplied the proceedings with groundless filings such as a Motion to Strike an alleged "unauthorized sur-reply" which was plainly not a sur-reply [DE #30], a Motion to Sanction Defendants for an alleged failure to

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Brief in Support of Lanham Act Fees and Apportionment of Territorial Claims
Page 7 of 15

mediate in good faith which was wholly without factual or legal merit [DE #60], and a Motion for Extension of Time to decide whether it would amend its Complaint [DE #73] which Fair Wind subsequently withdrew after Defendants had responded, all of which required Defendants to expend additional attorneys' fees unnecessarily. Of course, all attorneys' fees spent defending against Plaintiff's trade dress infringement claim were expended unnecessarily since that claim was patently frivolous.

Moreover, it is evident that Fair Wind uses litigation to stifle competition. Notably, Fair Wind has been involved in Lanham Act litigation before. A copy of Fair Wind's Complaint against Solstice Sailing, LCC, alleging, *inter alia*, trademark infringement, is attached as **Exhibit 1** ("Solstice Suit"). In the instant case, unlike in the Solstice Suit, Fair Wind did not contact Defendants regarding their alleged infringement on Fair Wind's alleged trade dress, or request that Defendants stop using Fair Wind's alleged trade dress prior to filing suit. *Contra,* Solstice Complaint at ¶ 13. Instead, Fair Wind chose to initiate a federal lawsuit without so much as a prior word to Defendants about the alleged trade dress infringement. Importantly, that choice neatly illustrates Fair Wind's real motive for bringing the instant lawsuit which was to suppress competition and attempt to put its perceived competitor, VISS, out of business. In fact, Fair Wind makes a habit of suing competing sailing schools. *See* Fair Wind's Complaint against Timothy McKenna re: Erie Islands Sailing School, LLC, a copy of which is attached as **Exhibit 2** and Fair Wind's Arbitration Complaint against Larry Bouffard re: Beaches Boats and Barstools, a copy of which is attached as **Exhibit 3**.

It could easily be said that Fair Wind's anti-competitive conduct in this case satisfies the requirements of the old more restrictive standard for "exceptional" cases enumerated by *Brooks* noted above; and therefore, would easily meet the new expanded *Octane Fitness* standard for an

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Brief in Support of Lanham Act Fees and Apportionment of Territorial Claims
Page 8 of 15

award of fees. *See Octane Fitness*, 134 S.Ct. at 1756 (quoting *Brooks Furniture Mfg., v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005)). "[C]ulpable conduct comes in a variety of forms and may vary depending on the circumstances of a particular case." *Securacom Consulting, Inc. v. Securacom Inc.*, 224 F. 3d 273, 280 (3d Cir. 2000). Typical examples of culpable conduct on the part of a defendant include, but are not limited to, "bad faith, fraud, malice, and knowing infringement." *Id.* However, under the new standard, when the prevailing party in a trade dress infringement case is the defendant, "the plaintiff's culpable conduct will necessarily center on the act of filing the lawsuit rather than on the infringement." *See Octane Fitness*, 134 S.Ct. at 1757. The plaintiff does not have to have acted in bad faith for a prevailing defendant to be awarded fees. *Id.* (citing *Green*, 486 F.3d at 103).

While not required under *Octane Fitness*, it is clear that Fair Wind engaged in culpable conduct in the filing of this anti-competitive lawsuit. First, Fair Wind did not contact Defendants by letter, or otherwise, to request that they stop their alleged infringement on Fair Wind's trade dress in advance of filing suit which, if the case were legitimate, might have obviated the need for a lawsuit. Second, Fair Wind filed a Lanham Act claim that was so legally insufficient—as well as being factually baseless, an interpretation which is bolstered by the fact that Fair Wind did not even attempt to re-assert its trade dress infringement claim in an amended complaint, because there were no facts to support the alleged infringement—that this Court disposed of it on a Motion to Dismiss. Moreover, Fair Wind filed this case for an improper purpose, to stifle competition. Finally, Fair Wind vexatiously multiplied the attorneys' fees incurred by Defendants with multiple baseless filings.

Given that Plaintiff's pursuit of a trade dress infringement claim against Defendants was "unjustified, groundless, or frivolous" and, more egregiously, anti-competitive, and that this

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Brief in Support of Lanham Act Fees and Apportionment of Territorial Claims
Page 9 of 15

lawsuit was brought for an improper motive, and "the plaintiff's subjective conduct throughout the litigation" was "vexatious," this case rises to the "exceptional" level that properly merits an award of fees to Defendants. *See J&J Snack Foods, Corp. v. Earthgrains, Co.*, Civ. Case. No. 000-6230, 2003 WL 21051711, at * 3 (D.N.J. May 9, 2003). Indeed, providing a remedy to defendants who have been forced to defend against unfounded suits and plaintiffs that proceed in an unreasonable manner is the exact legislative purpose of a prevailing defendant fee award under the Lanham Act and, in the instant case, is the only way my client can be made whole for the expense of defending this action unjustifiably forced on them by Plaintiff. Accordingly, as the instant case is "exceptional" as that term has been defined by the 3rd Circuit in adopting the *Octane Fitness* standard, Defendants are entitled to all the attorneys' fees incurred for successfully defending against Fair Wind's claim for trade dress infringement, and no apportionment is required.

### C. Assuming *in Arguendo* that this Court Rules this Case is Not Exceptional, The Proper Apportionment of Attorneys' Fees Between Territorial and Federal Claims Must be Determined.

On appeal, the 3rd Circuit applied the long standing *Figueroa* rule that 5 V.I.C. § 541 is only applicable to a prevailing parties' fees incurred associated with territorial claims and a court must subtract fees and costs associated with federal claims. *See Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 183 (3d Cir. 1999); and [DE # 91 at 18]. The Court declined, however, to rule upon the Defendants' argument that the defense of this action for all of Fair Wind's claims was "inextricably intertwined" and that no apportionment of fees could be made. . [DE #91 at 19]. In declining to address that argument, the 3rd Circuit held that

> Despite Defendants' insistence that the fees incurred defending the territorial law and federal law claims cannot be segregated, the District Court made no such finding. Unless and until it does, we

Fair Winds Sailing v. Dempster, et al.
Case No. 11-CV-00055
Brief in Support of Lanham Act Fees and Apportionment of Territorial Claims
Page 10 of 15

> see no reason to decide when, if ever, the 'inexplicably intertwined' exception to the *Figueroa* rule might apply.

*Id.* To that extent, this Court is not foreclosed from finding that the defense of this case as a whole cannot be unwound based upon each separate claim.

### 1. The Fees and Costs Incurred in Defending this Meritless Action Are Inextricably Intertwined and Should Not Be Apportioned.

Regarding the entwinement of attorneys' fees incurred by Defendants in this action, the Defendants contend that the fees incurred defending against Plaintiff's claims for trade dress infringement, tortious interference with contract and unjust enrichment were "inextricably intertwined," and present as evidence defense counsel's timesheets. (SA00067-76.)

> We note that among the handful of district courts that have addressed calculation of a Lanham Act fee award in a case involving Lanham Act and non-Lanham Act claims, the following rule appears to be emerging: In an award of "reasonable attorney fees" pursuant to the Lanham Act, a party cannot recover legal fees incurred in litigating non-Lanham Act claims *unless* "the Lanham Act claims and non-Lanham Act claims are so intertwined that it is *impossible to differentiate* between work done on claims."

*Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th Cir. 2000) (emphasis in original).[1] In the instant case, it is impossible to differentiate the work done defending against Plaintiff's three claims. Virtually all, if not all, of the attorney time in this case was simultaneously directed at defending against the action as a whole, not individual claims, for example: Defendants' first Motion to Dismiss, Defendants' oppositions to Plaintiff's Motion to Strike, Plaintiff's Motion for Sanctions, Plaintiff's Motion for an Extension of Time to Amend Complaint, attending status conferences, attending mediation, answering discovery, emailing and speaking to opposing counsel about the case. This attorney time cannot be accurately parsed out as defending against

---

[1] The 3rd Circuit appears not to have addressed this issue. Thus, instructive jurisprudence from other circuits is cited.

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Brief in Support of Lanham Act Fees and Apportionment of Territorial Claims
Page 11 of 15

"x" claim and not "y" claim. And, despite the pessimistic fear of the 3rd Circuit that such a finding would "encourage parties to obfuscate time entries," for the Court to require attorneys to bill separately for work performed for separate claims in a lawsuit is practically impossible. [DE #91 at 20].

It begs the question as to how, if at all possible, can one effectively bill for separate claims in court appearances, drafting procedural documents, client meetings, and so on. The vast majority of work performed by an attorney in a multi-claim case encompasses the case as a whole, in totality, and to demand discrete lines of demarcation in billing related to individual claims would be a guessing game at best and an inefficient waste of client resources at worst. In fact, the only items that one could even attempt to apportion would be the limited number of court filings that address all claims separately within them – i.e. the Defendants' Motion to Dismiss. To do so, this Court would have to go page by page, attributing specific pages of argument to each claim, dividing general pages (like factual recitations) by the number of claims, and arriving at a ratio that it could then apply to the total cost of the document's production. This overly complicated approach to evaluating the cost of each piece of work-product would only further waste time and resources, and would have no practical use for any items that have a general application to the case and all claims, such as attending a status conference or settlement negotiations, for example.

Thus, under the Lanham Act, an award of the attorneys' fees incurred in defending against all claims is appropriate as the defense of all the claims was inextricably intertwined. *See Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 626 F.3d 958, 966 (7th Cir. 1994),

> Nightingale argues that even if Anodyne is entitled to reimbursement for some of the attorneys' fees that it incurred, the district court's award is excessive because it includes fees for

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Brief in Support of Lanham Act Fees and Apportionment of Territorial Claims
Page 12 of 15

> defending against claims (discussed in our previous opinion) that were based on state law rather than the Lanham Act. But Anodyne showed that the work that its lawyers had performed in defending against the Lanham Act claim could not be separated from their work in defending against the other claims. . .

(awarding attorneys' fees to prevailing defendant).

For practical and prudential reasons, this proposition should be equally applicable if the Court determines that Defendants can only recover their attorneys' fees under Section 541 of Title 5 of the Virgin Islands Code but not the Lanham Act. For example, the court in *Coral Group Inc. v. Shell Oil Company*, Civ. Case No. 4:05–CV–0633–DGK, 2013 WL 4067625, at *4, n. 3 (W.D.Mo. Aug. 12, 2013) found the cost of defending different claims was inextricably intertwined and was recoverable on that basis.

> Even if the tort claims are not covered by the Agreements [the locus of the prevailing party entitlement], much of the cost of defending the tort claims was inextricably intertwined with the cost of defending the breach of contract claim and so recoverable under the attorneys' fees provisions. . . . After reviewing at length the detailed billing records Defendants submitted, the Court observes that approximately 75% of the requested fees and expenses are not attributable to the defense of any particular claim and are inextricably intertwined with the defense of the breach of contract claim.

*Id.* (citing state law); *see also Highground, Inc. v. Alonzo*, Civ. Case Nos. 12–1815, 12–2642, 2013 WL 499246, at *9 (E.D.La. Feb. 7, 2013) ("[W]hen discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated.") (citing state law).

### 2. Should the Court Seek to Apportion Fees to Each Claim, A Division of the Costs and Fees by Three is Appropriate.

Assuming *in arguendo* that this Court finds that the Defendants' defense of the three claims in this case are not inextricably intertwined, the only fair apportionment of the fees and

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Brief in Support of Lanham Act Fees and Apportionment of Territorial Claims
Page 13 of 15

costs in this matter would be a division by thirds. As is clear from the billing sheet attached to the Defendants' original motion for fees, the vast majority of billed time spent in this matter encompasses attorney work involving items that cannot be trifurcated into accurate portions attributable to each particular claim. Items like settlement negotiations, client meetings, court appearances, procedural steps, mediation attempts, and the like, are all items of work-product that encompasses the case as a whole. To that extent, the only fair apportionment of these fees and costs would be a division by three.

The remaining items that could be apportioned, such as filings like the Defendants' Partial Motion to Dismiss, would require a page by page break down of the document to identify a ratio of sections attributable to each claim, with the generalized pages divided by three. While difficult, such an apportionment could be made for these documents (without any recognition of the length of time each page actually took). However, because a separation of that sort is such a negligible divergence from dividing the entire fees and costs by three, it is simply a waste of time and resources to do so.[2] To that extent, should this Court rule this case is not "exceptional" under *Octane Fitness* and that the fees and costs are not inextricably intertwined; a division of the entire amount by three is an appropriate apportionment between the federal and territorial claims.

### III. CONCLUSION

Defendants have prevailed on each and every claim asserted by Plaintiff in the above-captioned case—Trade Dress Infringement under the Lanham Act, Tortious Interference with Contract and Unjust Enrichment—and, as such, are entitled to the attorneys' fees incurred in the course of their complete and successful defense. Given that Plaintiff's pursuit of a trade dress

---

[2] The ratio of pages solely attributable to the Lanham Act in Defendants' Partial Motion to Dismiss [DE #37], for example, is 2.5 out of 9. Therefore, a division of thirds for that item of billing seems appropriate.

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Brief in Support of Lanham Act Fees and Apportionment of Territorial Claims
Page 14 of 15

infringement claim against Defendants was "unjustified, groundless, or frivolous" and, more egregiously, anti-competitive, this case rises to the "exceptional" level set forth by *Octane Fitness* that properly merits an award of prevailing party attorneys' fees to Defendants under the Lanham Act.

**WHEREFORE**, on the basis of the foregoing, Defendant H. Scott Dempster individually and d/b/a Virgin Island Sailing School and Defendant "Virgin Island Sailing School" a d/b/a for Go Dog Go, Inc., respectfully request that the Court enter an order awarding Defendants the entire amount of attorneys' fees and costs incurred in connection with this action pursuant to 5 V.I.C. § 541 and § 35(a) of the Lanham Act, and awarding Defendants all such other and further relief as the Court deems just and proper.

Dated: December 3, 2015

s/ *Adam N. Marinelli*
Adam N. Marinelli
VI Bar No.: 1294
Ravinder S. Nagi
VI Bar No.: 1034
BOLTNAGI PC
5600 Royal Dane Mall, Suite 21
St. Thomas, VI 00802
Telephone: (340) 774-2944
Facsimile: (340) 776-1639
rnagi@vilaw.com
amarinelli@vilaw.com

*Fair Winds Sailing v. Dempster, et al.*
Case No. 11-CV-00055
Brief in Support of Lanham Act Fees and Apportionment of Territorial Claims
Page 15 of 15

# CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED THAT** a true and exact copy of the foregoing *DEFENDANTS' BRIEF IN SUPPORT OF THE GRANT OF ATTORNEYS' FEES UNDER THE LANHAM ACT AND APPORTIONMENT OF FEES IN THE ALTERNATIVE* was served on this the 3rd day of December 2015 upon:

Michael C. Quinn
Dudley, Topper and Feuertzeig, LLP
Law House, 1000 Frederiksberg Gade
P.O. Box 756
St. Thomas, VI  00804
Telephone:  (340) 715-4484
Facsimile:  (340) 715-4400
mquinn@dtflaw.com
*Attorneys for Plaintiff*

**via:   CM/ECF** ☒ **| Mail** ☐ **| Fax** ☐ **| Hand Delivery** ☐ **| Email** ☐

                                                    s/ *Adam N. Marinelli*
                                                    Adam N. Marinelli, Esq.